IN THE COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| SHARON DAVIS, ) | |
| ) | |
| Plaintiff, ) | No. |
| ) | |
| v. ) | COMPLAINT FOR DAMAGES |
| ) | |
| SAFEWAY, INC., a Washington ) | |
| Corporation DBA as SAFEWAY STORE ) | |
| #1449 ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW the Plaintiff, Sharon Davis, by and through Plaintiff's attorney, Christopher Brester, of GLP Attorneys, P.S., Inc., and complains and alleges against the above-named Defendants as follows:

## I. PARTIES

1.1     Plaintiff, Sharon Davis, is a resident of Wenatchee, Chelan County, Washington, and resided in Wenatchee, Chelan County, Washington, at all times relevant and material to this Complaint.

COMPLAINT FOR DAMAGES - 1

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. Missions St., Ste. 203
Wenatchee, WA 98801
(800) 273-5005
FACSIMILE (509) 888-2332

1.2   Defendant Safeway, Inc. (Safeway) on information and belief, is a Delaware corporation, duly licensed in the State of Washington and does business in Chelan County, Washington at all times relevant and material to this Complaint. Their registered agent for service is CT Corporation System located at 711 Capitol Way S., Ste. 204, Olympia, WA, 98501.

## II. JURISDICTION AND VENUE

2.1   Plaintiff, Sharon Davis, was at all times relevant and material to this Complaint, is a resident of Chelan County, Washington.

2.2   Defendant Safeway, on information and belief, was doing business in the State of Washington including Wenatchee, Chelan County at all relevant and material times alleged herein and its registered agent for service of process is CT Corporation System 505 Union Avenue Southeast, Suite 120, Olympia, WA 98501.

2.3   The incident that is the subject of this litigation occurred in Chelan County, Washington. Venue is proper pursuant to RCW 4.12.025(1)(a).

## III. FACTS

3.1   Date:   Plaintiff fell while shopping at Safeway #1449 on September 23, 2017.

3.2   Location:   The slip and fall occurred in Safeway #1449, located at 501 N. Miller St., Wenatchee, WA 98801 property owned by Defendant Safeway, Inc.

3.3   Invitee:   At all times relevant and material to this lawsuit, Plaintiff Sharon Davis was an invitee, as she was on the premises for the purpose and benefit of

COMPLAINT FOR DAMAGES - 2

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. Missions St., Ste. 203
Wenatchee, WA 98801
(800) 273-5005
FACSIMILE (509) 888-2332

Defendants, and was in a common area of the property under the ownership and control of Defendants.

3.4 Details:

(a) On September 23, 2017 at approximately 8:45 p.m., Plaintiff was shopping at Safeway #1449.

(b) While shopping at Safeway #1449 Plaintiff slipped on a liquid substance on the floor and fell to the ground and sustained causing serious injuries.

(c) Defendants had not removed the liquid from the floor or utilized any warning system in the area where Plaintiff fell.

3.5 Notice- Defendant Safeway, Inc.: Defendant Safeway, Inc., either knew or should have known of the dangerous condition in its store, which is where its customers and invitees walk.

3.6 Safety: At all times relevant and material to this Complaint, Defendants were in control of and responsible for the ownership, management, supervision, maintenance, repair and upkeep of the property located at 501 N. Miller St., Wenatchee, WA 98801.

3.7 At all times relevant and material hereto, the subject common area aisle was in a defective, dangerous and hazardous condition.

3.8 Defendants failed to make the premises reasonably safe for its invitees, failed to comply with recognized standards for common walkway/entry way design and

COMPLAINT FOR DAMAGES - 3

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. Missions St., Ste. 203
Wenatchee, WA 98801
(800) 273-5005
FACSIMILE (509) 888-2332

safety, failed to warn tenants of a defective, dangerous and hazardous condition, failed to remove the unsafe condition and failed to implement a risk management program.

3.9  Defendants failed to provide any type of warning of the slippery condition and failed to prevent or remove the slippery condition.

3.10  Defendant Safeway, Inc., and its agents knew or should have known of the defective, dangerous and hazardous condition, which would cause physical harm to its customers, located in a common area of the aisle.

## IV. NEGLIGENCE AND PREMISE LIABILITY– SAFEWAY, INC.

4.1  <u>Duties of Defendant Safeway, Inc.</u>: On the date of the alleged occurrence, the area in question was under the control, supervision, management, care, and maintenance of Defendant Safeway, Inc. The Defendant, by and through its agents, servants, and employees, owed Plaintiff a duty to provide and maintain a safe premises for the benefit of its invitees. The Defendant also had a duty to:

(a)  Provide safe and adequate maintenance of the premises and grounds;

(b)  Provide safe and adequate spill removal;

(c)  Provide invitees with warning signs regarding unsafe and hidden dangers, including spills in an unsafe location;

(d)  Have a system to provide warnings to invitees by roping off, taping off, and/or utilizing safety cones to mark unsafe areas and hidden dangers;

(e)  Have a system in place to inspect the premises for unsafe conditions;

(f)  Have a policy of inspecting for unsafe conditions once its employees become aware or should have become aware of potential unsafe conditions;

COMPLAINT FOR DAMAGES - 4

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. Missions St., Ste. 203
Wenatchee, WA 98801
(800) 273-5005
FACSIMILE (509) 888-2332

(g) Inspect the premises for unsafe conditions once its employees become aware or should have become aware of potential unsafe conditions.

(h) Eliminate unsafe conditions on its premises once its employees become aware or should have become aware of unsafe conditions.

(i) Provide and maintain the property, especially the common areas, in a reasonably safe condition for the benefit of its invitees;

(j) Protect invitees from dangerous conditions on those portions of the premises which the Plaintiff used or might reasonably be expected to have used while on the premises, including the subject area.

(k) Eliminate potentially unsafe conditions on their premises, such as removing, preventing and/or warning customers of spills in the common areas of the property;

(l) Use reasonable care and diligence in keeping the premises in a reasonably safe condition; and

(m) Inspect the premises so as to keep them in a safe condition for occupants and guests, including Plaintiff.

4.2 <u>Breach</u>: Defendant breached its duty as set forth in paragraphs 3.1 through 4.1.

4.3 <u>Proximate Cause</u>: As a direct and proximate cause of Defendant's breach of its duties, as set forth in paragraphs 3.1 through 4.1, Plaintiff Sharon Davis has suffered personal injuries.

## V. NO COMPARATIVE FAULT

5.1 Plaintiff was without negligence of any kind or nature whatsoever and did not contribute to her own injuries or damages in any way.

COMPLAINT FOR DAMAGES - 5

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. Missions St., Ste. 203
Wenatchee, WA 98801
(800) 273-5005
FACSIMILE (509) 888-2332

## VI. DAMAGES

6.1 As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered physical injuries, and Plaintiff is entitled to fair and reasonable compensation.

6.2 As a direct and proximate result of the negligence alleged herein, Plaintiff has incurred and may continue to incur medical expenses and other out-of-pocket expenses, and Plaintiff is entitled to fair and reasonable compensation.

6.3 As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered and may continue to suffer physical pain and suffering, and Plaintiff is entitled to fair and reasonable compensation.

6.4 As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered mental and emotional distress, loss of enjoyment of life, past and future disability, permanency of injury, and Plaintiff is entitled to fair and reasonable compensation.

6.5 As a direct and proximate result of the negligence alleged herein, Plaintiff has sustained past wage loss and loss of future earning capacity.

6.6 Plaintiff is entitled to reasonable attorneys' fees.

6.7 Plaintiff is entitled to prejudgment interest on all medical and other out-of-pocket expenses directly and proximately caused by the negligence alleged in this Complaint.

6.8 Plaintiff is entitled to costs and disbursements herein.

COMPLAINT FOR DAMAGES - 6

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. Missions St., Ste. 203
Wenatchee, WA 98801
(800) 273-5005
FACSIMILE (509) 888-2332

## VII. WAIVER OF PHYSICIAN/PATIENT PRIVILEGE

7.1     Plaintiff asserts the physician/patient privilege for 88 days following the filing of this Complaint. On the 89th day following the filing of this Complaint, the Plaintiff hereby waives the physician/patient privilege.

7.2     The waiver is conditioned and limited as follows: (1) The Plaintiff does not waive her constitutional right of privacy; (2) the Plaintiff does not authorize contact with any of his health care providers except by judicial proceeding authorized by the Rules of Civil Procedure; (3) Defendant's representatives are specifically instructed not to attempt ex parte contacts with Plaintiff's health care providers; and (4) Defendant's representatives are specifically instructed not to write letters to Plaintiff's health care providers telling them that they may mail copies of records to the Defendant.

In the case of <u>Loudon v. Mhyre</u>, 110 Wn.2d 675, 756 P.2d 138 (1988), the Supreme Court dealt very simply with the issue of ex parte contact with the Plaintiff's physicians:

> The issue presented is whether defense counsel in a personal injury action may communicate ex parte with the Plaintiff's treating physicians when the Plaintiff has waived the physician/patient privilege. We hold that defense counsel may not engage in ex parte contact, but is limited to the formal discovery methods provided by court rule.

<u>Id.</u> at 675-676, 756 P.2d at 139.

Wherefore, Plaintiff prays for judgment against Defendant and prays for relief as follows:

COMPLAINT FOR DAMAGES - 7

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. Missions St., Ste. 203
Wenatchee, WA 98801
(800) 273-5005
FACSIMILE (509) 888-2332

## VIII. RELIEF SOUGHT

8.1 Special damages for Plaintiff in such amounts as are proven at trial.

8.2 General damages for Plaintiff in such amounts as are proven at trial.

8.3 Costs including reasonable attorneys' fees for Plaintiff as are proven at trial.

8.4 Prejudgment interest on all liquidated damages.

8.5 For such other and further relief as the court deems just, equitable and proper for Plaintiff at the time of trial.

DATED this 21st day of April 2020.

GLP ATTORNEYS P.S., INC.

_____
Christopher J. Brester, WSBA #34321
Attorney for Plaintiff Sharon Davis

bm K:\33,000\33095.1\PLEADINGS\COMPLAINT.doc

COMPLAINT FOR DAMAGES - 8

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. Missions St., Ste. 203
Wenatchee, WA 98801
(800) 273-5005
FACSIMILE (509) 888-2332